UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JACOB EXLEY, ROBERT FIELDS,
WILLIAM GREENSTEIN, and
MORGAN PEDERSEN, individually and
on behalf of themselves and all others
similarly situated,

   Plaintiffs,

v.

TOWN OF MICANOPY, FLORIDA,

   Defendant.

Case No:
JURY TRIAL DEMANDED

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, by and through their counsel, respectfully submit their complaint against Defendant Town of Micanopy, Florida, and state as follows:

### INTRODUCTION

1.    Plaintiffs bring this action as a collective action in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") against Defendant on behalf of themselves and all others similarly situated because of Defendant's unlawful deprivation of Plaintiffs' rights to minimum wage and overtime compensation. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201, *et seq*.

## PARTIES

2.      Plaintiffs Jacob Exley, Robert Fields, William Greenstein, and Morgan Pedersen ("Plaintiffs") are current and/or former employees of Defendant Town of Micanopy, Florida, ("Defendant" or "Town"). At times material herein, Defendant has employed Plaintiffs in the position of firefighters at the Micanopy Fire Rescue Department ("MFRD" or "fire department").

3.      At times material herein, Plaintiffs and all those similarly situated have been "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

4.      Plaintiffs have given their written consent to be party-plaintiffs in this action, pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Collective Action Complaint as Exhibit A.

5.      Defendant is a body corporate and political subdivision of the State of Florida, and at all times material herein, Defendant has been a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(x), 203(d).

6.       Defendant employs or employed Plaintiffs and is located within the Northern District of Florida and within Alachua County, Florida. Defendant has a principal office and place of business located at 706 NE Cholokka Blvd, in Micanopy, Florida 32667.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331

and 29 U.S.C. § 216(b).

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS

9.      During the time from May 2, 2019 to the present, as well as before,

Plaintiffs and all others similarly situated employees have worked at times for

Defendant, within the fire department, as non-exempt firefighters.

10.     At all times material herein, Plaintiffs' primary job duty has been, and

remains, to protect and serve the public by engaging in fire suppression, emergency

response and related non-exempt activities.

11.     While working for Defendant, at all times material herein, Plaintiffs, as

well as all others similarly situated, have been assigned to work, and in fact did work,

a schedule of 24 hours on-duty, followed by 48 hours off-duty.

12.     While working for Defendant, at times material herein, Plaintiffs, as

well as all others similarly situated, have been assigned to work, and in fact did work,

in excess of 40 hours per week, as well as in excess of 53 hours per week, in excess

of 106 hours in a 14-day period, and in excess of 212 hours in a 28-day period.

13.     Defendant has not classified Plaintiffs as "exempt" employees. Yet, at

times material herein, Defendant has unlawfully failed to pay overtime premiums

for their overtime work. Instead, Defendant paid Plaintiffs at a straight hourly rate including for all hours worked in excess of 40 hours in a week, in excess of 53 hours in a week, in excess of 106 in a 14-day period, or in excess of 212 hours in a 28-day period.

14.     Moreover, at times material herein, MFRD management altered the timesheets submitted or reported by Plaintiffs and removed hours worked by Plaintiffs in excess of 120 in a 14-day period from the timesheets submitted to Defendant's payroll. Those hours which were removed from Plaintiffs' timesheets were separately paid to Plaintiffs by MFRD management in cash or through "Venmo" at a straight hourly rate.

15.     Defendant, at times material herein, has failed and/or continues to fail to pay Plaintiffs overtime premium pay at the rate of one and one-half times their regular rate of pay when it suffers or permits them to work in excess of 40 hours in a week, in excess of 53 hours in a week, in excess of 106 hours in a 14-day period, or in excess of 212 hours in a 28-day period.

16.     Moreover, effective January 1, 2020, Florida's minimum wage increased from $8.46 to $8.56 per hour but Defendant failed to pay Plaintiffs the new state minimum wage for at least three (3) months following January 1, 2020.

17.     Defendant, at all times material herein, has known and should have known that uncompensated overtime work was being performed by Plaintiffs and all

others similarly situated, because of, for example, Defendant's established policies and procedures, work schedules, timesheets and observation of Plaintiffs. Moreover, Defendant has known and should have known that Plaintiffs were not paid the state minimum wage for work performed by Plaintiffs effective January 1, 2020.

18.     Therefore, Defendant's actions in refusing to provide Plaintiffs the rights and protections provided under the FLSA are willful in that Defendant knew its pay practices with respect to the firefighters were prohibited by the FLSA or, at the very least, showed a reckless disregard for the FLSA.

## COUNT I
## Violation of Section 207(a) of the FLSA

19.     Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 18 of this Complaint.

20.     During the times that Plaintiffs and those similarly situated have worked in excess of 40 hours in a workweek, Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

21.     By failing to pay the Plaintiffs and others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and those similarly situated have

been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

22.    As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined.

23.    The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

24.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

25.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II
## Violation of Section 207(k) of the FLSA

26.    Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 18 of this Complaint.

27.     Under the U.S. Department of Labor's regulations applicable to fire fighters covered under 29 U.S.C. §207(k), (29 C.F.R. §553.230), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 53 hours in a 7-day work period, in excess of 106 hours in a 14-day work period, or in excess of 212 hours in a maximum 28-day work period (or in excess of a proportionate number of hours for work periods between 7 and 28 days).

28.     During the times that Plaintiffs and those similarly situated have worked in excess of 53 hours per workweek, 106 hours per 14-day work period, and 212 hours per 28-day work period, Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. §553.230.

29.     By failing to pay Plaintiffs and others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and those similarly situated have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

30.    As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined.

31.    The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

32.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

33.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III
## Violation of Section 206 of the FLSA

34.    Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 18 of this Complaint.

35.    29 USC § 206 requires employees covered by the FLSA to be paid their minimum wages.

36.    During the times material herein, Plaintiffs were not paid a minimum wage for the hours that they worked.

37.    By failing to pay Plaintiffs and others similarly situated the minimum wage required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and those similarly situated have been unlawfully deprived of minimum wage compensation and other relief for the maximum, three-year period allowed under the law.

38.    As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined.

39.    The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

40.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay minimum wages.

41.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, all Plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a)  Enter judgment declaring that Defendant has willfully and wrongfully violated its statutory obligations under federal law and deprived each of Plaintiffs of his/her rights;

(b)  Order a complete and accurate accounting of all the unpaid compensation to which Plaintiffs are entitled;

(c)  Award Plaintiffs compensatory relief in the form of unpaid compensation and liquidated damages equal to their unpaid compensation;

(d)  Award Plaintiffs interest on their unpaid compensation;

(e)   Award Plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.

Respectfully submitted,

s/Paul A. Donnelly
Paul A. Donnelly, Trial Counsel
Florida Bar No. 813613
paul@donnellygross.com
Jung Yoon
Florida Bar No. 599611
jung@donnellygross.com
DONNELLY + GROSS
2421 NW 41st Street, Suite A-1
Gainesville, FL  32606
(352) 374-4001 Phone
(352) 374-4046 Fax

**CONSENT TO SUE**
**REQUEST TO BECOME PARTY-PLAINTIFF**

I hereby consent to become a party-plaintiff in a lawsuit concerning my employment with the Town of Micanopy, Florida, as a Fire Fighter, to enforce my rights and recover overtime wages and other relief under the Fair Labor Standards Act.

_____
Print Name Clearly

_____
Signature

**CONSENT TO SUE**
**REQUEST TO BECOME PARTY-PLAINTIFF**

I hereby consent to become a party-plaintiff in a lawsuit concerning my employment with the Town of Micanopy, Florida, as a Fire Fighter, to enforce my rights and recover overtime wages and other relief under the Fair Labor Standards Act.

Robert Fields
_____
Print Name Clearly


_____
Signature

## CONSENT TO SUE
## REQUEST TO BECOME PARTY-PLAINTIFF

I hereby consent to become a party-plaintiff in a lawsuit concerning my employment with the Town of Micanopy, Florida, as a Fire Fighter, to enforce my rights and recover overtime wages and other relief under the Fair Labor Standards Act.

William Greenstein
Print Name Clearly

Signature

## CONSENT TO SUE
## REQUEST TO BECOME PARTY-PLAINTIFF

I hereby consent to become a party-plaintiff in a lawsuit concerning my employment with the Town of Micanopy, Florida, as a Fire Fighter, to enforce my rights and recover overtime wages and other relief under the Fair Labor Standards Act.

Morgan Pedersen
_____
Print Name Clearly

_____
Signature