IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JACOB EXLEY, ROBERT FIELDS,
WILLIAM GREENSTEIN, and
MORGAN PEDERSEN, individually and
on behalf of themselves and all others
similarly situated,

  Plaintiffs,

v.

                              Case No. 1:22-cv-00095-MW/HTC

TOWN OF MICANOPY, FLORIDA,

  Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT

The parties, through undersigned attorneys, jointly move this Court to approve their settlement and to dismiss the case with prejudice and state:

1. Plaintiffs are current or former firefighters of Defendant Town of Micanopy, Florida who have brought this action for unpaid overtime and minimum wage compensation under the Fair Labor Standards Act ("FLSA"). To date, only the named Plaintiffs have filed a consent to become a party-plaintiff in this action. (ECF No. 1)

2. Defendant has filed its Answer and Defenses admitting that some overtime work performed by some individuals were not compensated but asserting good faith and denying willfulness. (ECF No. 7)

3. Since the filing of this action, the parties have engaged in good faith efforts to resolve this matter which include an in-person settlement discussions and meticulous review and analyses of voluminous station logs which contain hand-written, daily recording of the hours worked by Plaintiffs. (ECF Nos. 9, 12-15)

4. As a compromise of a bona fide dispute and based on the records including the station logs produced by Defendant, the parties have reached a full and complete settlement of Plaintiffs' claims under the FLSA as follows:

a) Defendant will pay Jacob Exley a gross amount of $1,226.54, less applicable withholding of taxes and FICA for his wages claims and a gross amount of $1,226.54 for his liquidated damages claims.

b) Defendant will pay Robert Fields a gross amount of $4,994.34, less applicable withholding of taxes and FICA for his wages claims and a gross amount of $4,994.34 for his liquidated damages claims.

c) Defendant will pay William Greenstein $4,140.84, less applicable withholding of taxes and FICA for his wages claims and a gross amount of $4,140.84 for his liquidated damages claims.

d) Defendant will pay Morgan Pedersen a gross amount of $446.51, less applicable withholding of taxes and FICA for his wages claims and a gross amount of $446.51 for his liquidated damages claims.

e)   Defendant will pay Donnelly + Gross, PLLC a gross amount of $26,239.50 in settlement of Plaintiffs' attorneys' fees and costs claims.

A copy of the Settlement Agreement executed by the parties is attached hereto as Exhibit A.

5.   The settlement is a fair and reasonable resolution of a bona fide dispute under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The settlement resulting in payments by Defendant to the individual Plaintiffs is based on careful review and calculations of potential damages due to Plaintiffs.

6.   Moreover, Plaintiffs' claim for attorney's fees and costs was negotiated separately from and without regard to their back pay and liquidated damages claims.

7.   The parties are independently represented by counsel and have agreed to settle this case voluntarily and knowingly.

8.   Upon the Court's approval of the parties' settlement of this action, the parties agree to the dismissal of this matter, with prejudice and stipulate to a final order of dismissal.

## MEMORANDUM OF LAW

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who

>can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action reflects a reasonable compromise of disputed issues. Moreover, all parties are represented by counsel, and there is no overreaching as Plaintiffs negotiated attorney's fees and costs separately from and without regard to their back pay and liquidated damages claims. The Parties, therefore, respectfully submit that the settlement is a reasonable compromise of the disputed issues and should be approved.

WHEREFORE, the parties jointly request that this Court approve the parties' settlement and dismiss this case with prejudice.

Respectfully submitted this 6th day of March 2023.

| FOLDS WALKER, LLC | DONNELLY + GROSS |
|---|---|
| s/ Scott S. Walker | s/ Paul A. Donnelly |
| Scott S. Walker | Paul A. Donnelly |
| FBN: 0394939 | FBN: 813613 |
| scott@foldswalker.com | paul@donnellygross.com |
| kiersten@foldswalker.com | s/ Jung Yoon |
| 527 E. University Ave. | Jung Yoon |
| Gainesville, FL 32601 | Florida Bar No. 599611 |
| Phone: 352-372-1282 | jung@donnellygross.com |
| Fax: 352-375-9960 | 2421 NW 41st Street, Suite A-1 |
| Attorney for Defendant | Gainesville, FL |
| | Phone: 352-374-4001 |
| | Fax: 352-374-4046 |
| | Attorneys for Plaintiffs |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JACOB EXLEY, ROBERT FIELDS,
WILLIAM GREENSTEIN, and
MORGAN PEDERSEN, individually and
on behalf of themselves and all others
similarly situated,

  Plaintiffs,

                                            Case No. 1:22-cv-00095-MW/HTC

v.

TOWN OF MICANOPY, FLORIDA,

  Defendant.
_____/

## SETTLEMENT AGREEMENT

WHEREAS, Plaintiffs JACOB EXLEY, ROBERT FIELDS, WILLIAM GREENSTEIN, and MORGAN PEDERSEN have made claims for unpaid overtime wages against Defendant TOWN OF MICANOPY, FLORIDA, ("the Town");

WHEREAS, Plaintiffs and Defendant (herein collectively referred to as "the Parties") seek a complete resolution of all issues relating to Plaintiffs' claims; and

WHEREAS, this Settlement Agreement (hereinafter "this Agreement") is deemed by the Parties to be in their respective best interests;

NOW, THEREFORE, based on the foregoing, and in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

1. <u>Obligations of Defendant</u>. In consideration of the obligations of Plaintiffs as set forth in this Agreement, the Town will pay Plaintiffs as follows:

   A. **Jacob Exley**
      i. a gross amount of $1,226.54, less applicable withholding of taxes and FICA, in settlement of his disputed overtime wages claims. The Town will provide Exley with IRS Form W-2 for the payment stated in this subparagraph.
      ii. a gross amount of $1,226.54 in settlement of his disputed liquidated damages claims. The Town will provide Exley with IRS Form 1099 for the payment stated in this subparagraph.

   B. **Robert Fields**
      i. a gross amount of $4,994.34, less applicable withholding of taxes and FICA, in settlement of his disputed overtime wages claims. The Town will provide Field with IRS Form W-2 for the payment stated in this subparagraph.
      ii. a gross amount of $4,994.34 in settlement of his disputed liquidated damages claims. The Town will provide Fields with IRS Form 1099 for the payment stated in this subparagraph.

   C. **William Greenstein**
      i. a gross amount of $4,140.84, less applicable withholding of taxes and FICA, in settlement of his disputed overtime wages claims. The Town will provide Greenstein with IRS Form W-2 for the payment stated in this subparagraph.
      ii. a gross amount of $4,140.84 in settlement of his disputed liquidated damages claims. The Town will provide Greenstein with IRS Form 1099 for the payment stated in this subparagraph.

   D. **Morgan Pedersen**
      i. a gross amount of $446.51, less applicable withholding of taxes and FICA, in settlement of his disputed overtime wages claims. The Town will provide Pedersen with IRS Form W-2 for the payment stated in this subparagraph.
      ii. a gross amount of $446.51 in settlement of his disputed liquidated damages claims. The Town will provide Pedersen with IRS Form 1099 for the payment stated in this subparagraph.

E.      The Town will pay Donnelly + Gross, PLLC a gross amount of $26,239.50 in settlement of Plaintiffs' attorneys' fees and costs claims. The Town will provide Donnelly + Gross, PLLC with IRS Form 1099 for the payment stated in this subparagraph.

F.      The Town will make the above payments within five business (5) days of the Court's approval of the settlement and dismissal of the case with prejudice, by personal or courier delivery or by mailing them to Donnelly + Gross, PLLC, c/o Paul A. Donnelly, 2421 NW 41st Street, Gainesville, Florida 32606.

2.      <u>Obligations of Plaintiffs</u>. In consideration of the obligations of Defendant as set forth in this Agreement:

A.      Dismissal with Prejudice. Upon the Court's approval of the settlement, Plaintiffs agree to immediately dismiss the above-captioned civil action, with prejudice and stipulate to a final order of dismissal.

B.      No Taxes to Withhold. Plaintiffs shall be responsible for all federal, state and local taxes, interest and penalties, if any, due on account of the settlement payment made under subparagraphs numbered 1.A.ii, 1.B.ii, 1.C.ii, 1.D.ii and 1.E., above. Plaintiff agrees and represents that the amounts paid per said subparagraphs in settlement of their claims are fairly and properly allocated as specified above in said subparagraphs.

3.      <u>Non-Admission</u>.  By signing and entering into this Agreement, the Parties do not admit that a violation of any law, rule, regulation, custom, practice or agreement has occurred.  This Agreement shall not be construed as an admission of the truth or correctness of the assertions of unpaid overtime compensation made by Plaintiffs, or as an admission of any liability. This Agreement is the full and complete settlement of all disputes and issues which have been raised by Plaintiffs in this matter.

4.      <u>Best Interests</u>.  The Parties have read, fully considered, and completely understand this Agreement.  The Parties are mutually desirous of entering into this Agreement.  The terms of this Agreement are the product of mutual negotiation and compromises between the Parties and are in the best interests of the Parties. Plaintiffs have been afforded and have taken as much time as they each desired to consider this Agreement prior to signing and executing it. Having chosen to execute this Agreement, to fulfill the promises set forth herein, and to receive thereby the benefits set forth in paragraph number one (1) above, Plaintiffs freely, knowingly, voluntarily

3

and after due consideration and understanding of its full effects, enter into this Agreement intending to waive, settle and release any and all claims and complaints they have against Defendant in this matter.

5.  **Entire Agreement**.  This Agreement is the sole, final and complete expression of understanding and the settlement between the Parties, and all prior agreements are hereby superseded. This Agreement may not be modified or amended except by express written agreement of the Parties.  Plaintiffs represent and acknowledge that in executing this Agreement, they have not relied upon any representation or statement made by their attorneys, any other party, or their agents or attorneys, which is not set forth specifically in this Agreement.

6.  **Severability**.  If a court of competent jurisdiction invalidates any provision or part of this Agreement, then all of the remaining provisions and parts of this Agreement shall continue unabated and in full force and effect.

7.  **Governing Law**.  The laws of the State of Florida shall govern this Agreement.

8.  **Parties to Bear Their Own Attorney's Fees and Costs**.  Except as provided above, Plaintiffs will bear their own attorney's fees and costs.  Defendant will bear its own attorney's fees and costs.

9.  **Opportunity to Consider and Confer**.  Plaintiffs affirm and acknowledge that they have been advised in writing to consult with their attorney prior to signing this Agreement, they have consulted fully and completely with their attorney regarding this Agreement prior to signing this Agreement, they have read and understand this entire Agreement, and they sign this Agreement freely and voluntarily.

10. **Signatures**. This Agreement may be executed in counterparts, and each when executed, shall have the efficacy of a signed original. Photographic, faxed or scanned copies of such signed counterparts may be used in lieu of the originals for any purpose.

IN WITNESS OF THE FOREGOING, the Parties now voluntarily and knowingly, and intending to be legally bound by the above ten (10) enumerated paragraphs as stated herein, make and execute this Settlement Agreement:

Plaintiffs:

_____          1/24/23
JACOB EXLEY                             Date


_____          _____
ROBERT FIELDS                           Date


_____          _____
WILLIAM GREENSTEIN                      Date


_____          _____
MORGAN PEDERSEN                         Date


For Defendant:


_____          _____
Virginia Mance, Mayor                   Date
Town of Micanopy, Florida

5

IN WITNESS OF THE FOREGOING, the Parties now voluntarily and knowingly, and intending to be legally bound by the above ten (10) enumerated paragraphs as stated herein, make and execute this Settlement Agreement:

Plaintiffs:

_____     _____
JACOB EXLEY                                        Date


_____     _____
ROBERT FIELDS                                      Date


_____/s/_____     __1/25/23_____
WILLIAM GREENSTEIN                          Date


_____     _____
MORGAN PEDERSEN                              Date


For Defendant:

_____     _____
Virginia Mance, Mayor                            Date
Town of Micanopy, Florida

5

IN WITNESS OF THE FOREGOING, the Parties now voluntarily and knowingly, and intending to be legally bound by the above ten (10) enumerated paragraphs as stated herein, make and execute this Settlement Agreement:

Plaintiffs:

_____    _____
JACOB EXLEY                         Date


_____    _____
ROBERT FIELDS                       Date


_____    _____
WILLIAM GREENSTEIN                  Date


_/s/ M. Pedersen_____    _02/01/23_____
MORGAN PEDERSEN                     Date


For Defendant:


_____    _____
Virginia Mance, Mayor               Date
Town of Micanopy, Florida

5

IN WITNESS OF THE FOREGOING, the Parties now voluntarily and knowingly, and intending to be legally bound by the above ten (10) enumerated paragraphs as stated herein, make and execute this Settlement Agreement:

Plaintiffs:

_____    _____
JACOB EXLEY                                                  Date

*RF*    2-3-23

_____    _____
ROBERT FIELDS                                             Date

_____    _____
WILLIAM GREENSTEIN                              Date

_____    _____
MORGAN PEDERSEN                                 Date

For Defendant:

_____    _____
Virginia Mance, Mayor                                  Date
Town of Micanopy, Florida

IN WITNESS OF THE FOREGOING, the Parties now voluntarily and knowingly, and intending to be legally bound by the above ten (10) enumerated paragraphs as stated herein, make and execute this Settlement Agreement:

Plaintiffs:

_____        _____
JACOB EXLEY                            Date

_____        _____
ROBERT FIELDS                          Date

_____        _____
WILLIAM GREENSTEIN                     Date

_____        _____
MORGAN PEDERSEN                        Date

For Defendant:

*[signature]*                          03/03/2023
_____        _____
Virginia Mance, Mayor                  Date
Town of Micanopy, Florida

5